1

2

3

4                          UNITED STATES DISTRICT COURT

5                       SOUTHERN DISTRICT OF CALIFORNIA

6    RAUL M.,                                  Case No.:  20-cv-2378-AGS

7                             Plaintiff,        **ORDER GRANTING PLAINTIFF'S**
                                               **IN FORMA PAUPERIS STATUS**
8    v.                                         **(ECF 2)**

9    Andrew M. SAUL,

10                           Defendant.

11

12        Plaintiff moves to proceed in forma pauperis (IFP). Plaintiff qualifies to proceed

13   without paying the initial filing fee, and his complaint states a claim for relief. So, the Court

14   grants plaintiff's motion.

15                    **Motion to Proceed In Forma Pauperis**

16        Typically, parties instituting a civil action in a United States district court must pay

17   a filing fee of $402. 28 U.S.C. § 1914(a)[1]. But if granted the right to proceed in forma

18   pauperis, a plaintiff can proceed without paying the fee. *Rodriguez v. Cook*, 169 F.3d 1176,

19   1177 (9th Cir. 1999).

20        Here, plaintiff and his spouse have a total of $77 in cash and $1,328.52 in the bank.

21   (ECF 2, at 2.)  Each month, plaintiff receives $143 in disability and $585 in unemployment,

22   and his spouse receives $571 in unemployment and $254 in public assistance, for a total of

23   $1,567.60. (*Id.*) Plaintiff's household expenses are $1,513.40. (*Id.*, at 5.) Plaintiff and his

24

25   _____

26   [1] In addition to the $350 statutory fee, civil litigants must pay an administrative fee of
27   $52. *See* 28 U.S.C. § 1914(a); District Court Misc. Fee Schedule, § 14 (effective Dec. 1,
28   2020).

1

1    spouse also have two sons, aged 14 and 21, that rely on them for support. (*Id*., at 3.) The

2    Court finds that plaintiff has sufficiently shown an inability to pay the initial $402 fee.

3                              **28 U.S.C. § 1915(e) Screening**

4          When reviewing an IFP motion, the court must screen the complaint and dismiss it

5    if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant

6    immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127

7    (9th Cir. 2000). In the Social Security context, a plaintiff's complaint must set forth

8    sufficient facts to support the legal conclusion that the Commissioner's decision was

9    incorrect. "[T]o survive the Court's § 1915(e) screening," a plaintiff must (1) "establish

10   that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that

11   the civil action was commenced within sixty days after notice of a final decision," (2)

12   "indicate the judicial district in which the plaintiff resides," (3) "state the nature of

13   plaintiff's disability and when the plaintiff claims she became disabled," and (4) "identify[]

14   the nature of the plaintiff's disagreement with the determination made by the Social

15   Security Administration and show that plaintiff is entitled to relief." *Varao v. Berryhill*,

16   No. 17-cv-02463-LAB-JLB, 2018 WL 4373697, at *2 (S.D. Cal. Jan. 31, 2018) (alteration

17   and citation omitted).

18         Plaintiff meets all four elements to survive a § 1915(e) screening. First, plaintiff

19   successfully exhausted his administrative remedies. After his application for Social

20   Security Disability benefits was denied by the Commissioner, plaintiff pursued the request

21   through an Administrative Law Judge (ALJ) and then the Appeals Council, which denied

22   his request for review. (ECF 1, at 1-2.) Plaintiff claims to reside in Escondido, California,

23   which is within the jurisdiction of this court. Plaintiff contends that he suffers from "a

24   combination of severe physical and mental impairments," including "chronic fatigue," and

25   indicates that became disabled on January 15, 2016. (*Id*., at 2.) Finally, plaintiff identifies

26   the nature of his disagreement with the Social Security Administration's determination,

27   arguing that the ALJ "erred by finding that Plaintiff had no severe impairments despite

28   evidence to the contrary" and "failed to develop the record where there were ambiguities

1  from Plaintiff's treating physician." (*Id.*) Plaintiff also claims that the ALJ failed to "follow

2  Social Security Ruling 14-1p when evaluating Plaintiff's chronic fatigue." (*Id.*) Based on

3  these allegations, plaintiff's complaint is sufficient to survive the "low threshold" for

4  proceeding past the § 1915(e) screening. *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir.

5  2012).

6  **Conclusion**

7      For the reasons set forth above, the Court grants plaintiff's IFP Motion.

8  Dated:  December 8, 2020

9

10         Hon. Andrew G. Schopler

       United States Magistrate Judge

3