UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL M.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Martin O'MALLEY,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:20-cv-02378-AGS<br><br>**ORDER GRANTING MOTION FOR 42 U.S.C. § 406(b) FEES (ECF 24)** |

　　　Plaintiff's counsel moves unopposed for $15,716.50 in attorney's fees after successfully recovering past-due Social Security benefits for plaintiff. (ECF 24, at 1); *see* 42 U.S.C. § 406(b)(1). Plaintiff received $62,866.00 in past-due benefits, meaning counsel's request represents 25% of the recovery. (ECF 24, at 3.)

　　　"Under § 406(b), when a court renders a judgment favorable to a claimant who was represented before the court by an attorney, the court may award a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Culbertson v. Berryhill*, 586 U.S. 53, 59 (2019) (quoting 42 U.S.C. § 406(b)(1)(A)) (cleaned up and emphasis omitted). In a § 406(b) award, courts must "respect 'the primacy of lawful attorney-client fee agreements'" and assess the fee agreement for reasonableness. *Crawford v. Astrue*, 586 F.3d 1142, 1148 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)). Although § 406(b) "does not specify how courts should determine whether a requested fee is reasonable," fee agreements are generally presumed valid unless they exceed an award of 25 percent of past due benefits. *Id.*; *see also Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (noting courts are "deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates may exceed those for non contingency-fee arrangements"). This is because "basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of

loss." *Hearn*, 262 F. Supp. 2d at 1037. Yet fee awards can be reduced if representation is "substandard." *Gisbrecht*, 535 U.S. at 808. Several factors may be considered when assessing reasonableness: "(1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases." *Avina v. Saul*, No. 18-CV-1728 W (MSB), 2021 WL 2662309, at *1 (S.D. Cal. June 29, 2021).

Plaintiff agreed to a contingency fee "to receive 25% of Plaintiff's back benefits in the event of an award." (ECF 24, at 3; *see also* ECF 24-3, at 1.) Because the fee is no more than 25 percent of the award, it is presumptively valid unless counsel's representation was substandard. *See Gisbrecht*, 535 U.S. at 808. Counsel prepared a "written argument as well as oral argument" for a case involving "a step-two denial." (ECF 24, at 4.) Counsel won a remand here and got past-due benefits awarded at the agency. (*See* ECF 24, at 3.) She "spent a total of 33.3 hours on Plaintiff's case for an effective hourly rate of $471.96." (ECF 24, at 4.) This is a reasonable amount of time and hourly rate. *See Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 (C.D. Cal. 2000) (holding that "33.75 hours spent by plaintiff's counsel" was reasonable based on "a survey of several dozen [Social Security fee] cases"); *Christopher R. B. v. Colvin*, No. 8:23-CV-00249-BFM, 2025 WL 26796, at *2 (C.D. Cal. Jan. 3, 2025) (noting that an "$876" per hour effective "rate is well within the rates that the Ninth Circuit and courts in this District have approved").

## ORDER

Counsel's motion for attorney's fees under 42 U.S.C. § 406(b) is **GRANTED**. Counsel for plaintiff is entitled to $15,716.50 out of plaintiff's past-due benefits.

Dated:  January 17, 2025

Andrew G. Schopler
United States District Judge